**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Martin McGhee, | No. CV-19-08003-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Sedgwick Claims Management Services Incorporated, | |
| Defendant. | |

Plaintiff initiated this action in Maricopa County Superior Court. Fairly read, his complaint challenges the termination of his worker's compensation benefits and asserts a claim for breach of the covenant of good faith and fair dealing. Defendant timely removed, asserting federal jurisdiction based on the diverse citizenship of the parties. At issue are Plaintiff's motions to remand (Docs. 8, 12) and Defendant's motion to dismiss (Doc. 10), which are fully briefed (Docs. 13, 14, 15). Defendant's request for oral argument is denied because the issues are adequately briefed and oral argument will not be useful. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991). For the following reasons, Plaintiff's motions to remand are denied and Defendant's motion to dismiss is granted.

**I. Motions to Remand**

Plaintiff correctly notes that, pursuant to 28 U.S.C. § 1445(c), actions arising under a state's worker's compensation laws are not removable. His motion to remand will be

1 | denied, however, for two reasons.

First, although Plaintiff's claim that he is entitled to worker's compensation benefits arises under Arizona's worker's compensation laws, for purposes of 28 U.S.C. § 1445(c) his bad faith claim does not. *See Hayes v. Continental Ins. Co.*, 872 P.2d 668, 274-75 (Ariz. 1994) (recognizing difference between common law bad faith claims and bad faith actions arising under worker's compensation laws); *Bowling v. Westport Ins. Corp.*, No. CV-15-00199-TUC-RM (EJM), 2015 WL 13203369, at *2-5 (D. Ariz. Oct. 19, 2015) (recommending that district court deny a motion to remand under 28 U.S.C. § 1445(c) because the tort of bad faith arises under Arizona common law, not Arizona's worker's compensation laws); *see also Ehler v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 772-73 (5th Cir. 1995) (holding that bad faith claim was not subject to remand because it arose out of Texas common law, not Texas worker's compensation laws). Accordingly, the Court may properly exercise jurisdiction over Plaintiff's bad faith claim because complete diversity exists, the amount in controversy exceeds $75,000, and the bad faith claim does not arise out of Arizona's worker's compensation laws.

Second, the Court may dismiss rather than remand a claim if it is certain the state court would simply dismiss the action. *Polo v. Innoventions Int'l*, 833 F.3d 1193, 1197 (9th Cir. 2016). Remand of Plaintiff's claim that he is entitled to worker's compensation benefits would be futile because, under Arizona law, "[t]he sole and exclusive jurisdiction to determine all issues of law and fact relating to a claimant's entitlement to compensation benefits is vested in the Industrial Commission." *Sandoval v. Salt River Project Agric. Improvement & Power Dist.*, 571 P.2d 706, 710 (Ariz. Ct. App. 1977). Remand therefore would serve no useful purpose because it is clear that the Maricopa County Superior Court would likewise dismiss Plaintiff's claim to worker's compensation benefits for lack of jurisdiction.

**II. Motion to Dismiss**

As noted above, to the extent Plaintiff's complaint seeks a determination that he is entitled to worker's compensation benefits, that claim must be dismissed because the

Industrial Commission of Arizona has exclusive authority over such claims. Plaintiff's remaining clam for breach of the covenant of good faith and fair dealing must be dismissed because Plaintiff has not brought the claim against the right entity.

Arizona law recognizes an implied duty of good faith and fair dealing in every insurance contract. *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). The duty arises by virtue of the contractual relationship, but the breach of the duty sounds in tort. *Walter v. F.J. Simmons and Others*, 818 P.2d 214, 236 (Ariz. Ct. App. 1991). "[A]lthough an insurer may delegate the *performance* of its duty of good faith to a non-servant, it remains liable for the actions taken by this delegate because the *duty* of good faith itself is non-delegable." *Id.* at 238.

Plaintiff's December 6, 2018 Notice of Claim Status indicates that his worker's compensation carrier is New Hampshire Insurance Company ("NHIC"). (Doc. 10 at 13.) Nonetheless, Plaintiff has not brought any claims against NHIC. Instead, he has brought a bad faith claim against Defendant, which is NHIC's third-party claims administrator. Although the manner in which Defendant administered Plaintiff's claim may be imputed to NHIC for purposes of a bad faith claim *against NHIC*, Defendant cannot be directly liable for breaching the covenant of good faith and fair dealing because it is not a party to the insurance contract from which that covenant derives.[1] *See Meineke v. GAB Business Servs., Inc.*, 991 P.2d 267, 270 (Ariz. Ct. App. 2000) (explaining that the actions of an adjuster who mishandled a claim may be imputed to the insurer, but the adjuster does not owe a separate duty to the insured); *Walter*, 818 P.2d at 222 (noting that, although independent adjuster was dismissed from bad faith claim because it owed no contractual duty to the insured, the insured could maintain a claim against the insurer); *Jacobs v. Am. Family Mut. Ins. Co.*, No. CV-13-01404-PHX-SBS, 2013 WL 11785112, at *1-3 (D. Ariz. Aug. 29, 2013) (dismissing breach of the covenant of good faith and fair dealing claim against an independent insurance adjuster because the adjuster was not a party to the

---

[1] Notably, Plaintiff chose not to address Defendant's argument that, as a stranger to the insurance contract, it cannot be liable for breaching the covenant of good faith or fair dealing, which the Court may construe as a concession of the point. *See* LRCiv 7.2(i).

insurance contract).  For these reasons,

**IT IS ORDERED** that Plaintiff's motions to remand (Docs. 8, 12) are **DENIED** and Defendant's motion to dismiss (Doc. 10) is **GRANTED**.  The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 15th day of April, 2019.

Douglas L. Rayes
United States District Judge